UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                                Case Number 03-20039
v.                                              Honorable David M. Lawson

DEONTE J. JEFFRIES,

        Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582

On September 13, 2004, the defendant, Deonte J. Jeffries, pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute 5 grams or more of cocaine base and one count of possession of a firearm during and in relation to a drug trafficking crime.  He was sentenced to seventy months imprisonment for the drug crime, and a sixty-month consecutive sentence on the firearm offense, to be followed by four years supervised release.  On June 15, 2009, the Court, upon motion of the defendant, reduced the defendant's sentence with respect to the crack cocaine offense to sixty months imprisonment, which is the statutory minimum sentence.

Now before the Court is Mr. Jeffries's motion to reduce his sentence under 18 U.S.C. § 3582(c).  The defendant argues that he is entitled to have his sentence reduced because the United States Sentencing Commission, following the enactment of the Fair Sentencing Act of 2010, issued new and more lenient sentencing guidelines applicable to offenses involving crack cocaine.  Those guidelines were made retroactive by the Sentencing Commission as of November 1, 2011.

Under 18 U.S.C. § 3582(c)(2), a court may modify a term of imprisonment after it is imposed only under certain conditions:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

(Emphasis added). Mr. Jeffries argues that because the Sentencing Commission has reduced the crack cocaine guidelines and made them retroactive, and his crime involved the distribution of crack cocaine, he is entitled to a sentence reduction.

The United State Court of Appeals for the Sixth Circuit has held that a defendant subjected to a statutory mandatory minimum sentence is not eligible for a sentence reduction under section 3582(c)(2) because the guideline amendment does not lower the defendant's applicable guideline range. *United States v. Johnson*, 564 F.3d 419, 423 (6th Cir. 2009). Subsequently, that court held that the Sentencing Commission's amendment to a sentencing guideline range that does not affect a statutory mandatory minimum sentence will not provide the basis for a subsequent reduction of a sentence under section 3582(c)(2). *United States v. McPherson*, 629 F.3d 609, 611 (6th Cir. 2011).

The Court believes that Mr. Jeffries's motion is governed by the precedent set forth in *Johnson* and *McPhearson*. Because Mr. Jeffries's sentence is based on the statutory mandatory minimum and not a sentencing guideline range that was later lowered by the Sentencing Commission, he is not eligible for relief.

Accordingly, it is **ORDERED** that the defendant's motion for reduction of sentence under 18 U.S.C. § 3582(c) [dkt. # 54] is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: November 21, 2011

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 21, 2011.

s/Deborah R. Tofil
DEBORAH R. TOFIL

---